# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2021

Lyle W. Cayce
Clerk

No. 21-10144
Summary Calendar

Orvis Wain Reynolds,

*Plaintiff—Appellant*,

*versus*

City of Commerce, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1577

Before King, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Orvis Reynolds owns property in Commerce, Texas. That property contained three buildings, including a dance hall and a grill. In May 2017, the City of Commerce's Building Standards Commission held a hearing to determine whether the buildings on Reynolds's property complied with city

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

code. Despite Reynolds's pleas that the buildings were in compliance with city code, the Commission entered four orders finding that they were "dilapidated, substandard and/or unfit for human habitation, constitute[d] a hazard to the health, safety and welfare of the citizen and [were] likely to endanger persons and property." Pursuant to three of those orders, the buildings were demolished in July of that year.

Reynolds then sued the City of Commerce, alleging that the City's conduct constituted an unlawful taking and violated his equal protection and due process rights under the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. He alleges that the hearing was a "Ramrod Process Hearing" and that his property was "falsely portray[ed]" as non-compliant with city code. Additionally, he alleges that his property was condemned in a manner "Dissimilar for [sic] other similar Property Owner[s]." The real reason why his buildings were demolished, he says, is because a homicide occurred on the property in March 2017. The City of Commerce moved to dismiss for failure to state a claim.

The district court granted the City's motion to dismiss, but granted Reynolds leave to amend his complaint. Although Reynolds took the district court up on its offer, his amended complaint was largely identical to his original complaint. When the City again moved to dismiss for failure to state a claim, Reynolds declined to file a response. After the district court again dismissed Reynolds's suit, he appealed.

"We review a district court's grant of a motion to dismiss *de novo*." *Reed v. Goertz*, 995 F.3d 425, 429 (5th Cir. 2021). "To survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We must accept all facts as pleaded and construe them in the

light most favorable to the plaintiff." *Id.* (quotation omitted). "But we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotation omitted).

We agree with the district court that Reynolds fails to state a claim for relief. To sufficiently allege municipal liability for a violation of the United States Constitution, Reynolds must point to an official city policy or custom that is the moving force behind a constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Reynolds fails to identify any such policy or custom and fails to allege specific facts showing that any such policy or custom was the cause of a constitutional violation. For example, although Reynolds alleges that he was treated "in a manner 'dissimilar for [sic] other similar Property Owner[s],'" he never elaborates— even after the district court prompted him to do so when it dismissed his first complaint.

For the first time on appeal, Reynolds contends that he was treated differently on account of his race. But Reynolds did not make this argument in the district court, and as a result it is forfeited. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are [forfeited] and will not be considered on appeal.").

The district court also correctly concluded that Reynolds's equal protection and due process claims under the Texas Constitution fall short. Reynolds seeks only money damages for violations of the Texas Constitution. "[S]uits brought pursuant to [Texas] constitutional provisions are limited to equitable relief and do not allow a claim for monetary damages except to the extent specifically enunciated in the constitutional provision." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). Nothing in the due

process or equal protection provisions of the Texas Constitution authorizes suits for damages. *See Patel v. City of Everman*, 179 S.W.3d 1, 13 (Tex. App.—Tyler 2004, pet. denied) ("The due process provisions of the Texas Constitution do not provide for a cause of action for damages, but rather only for direct claims seeking equitable relief."); *Vincent v. W. Tex. State Univ.*, 895 S.W.2d 469, 475 (Tex. App.—Amarillo 1995, no pet.) (holding that no private right of action for money damages exists under the equal protection clause of the Texas Constitution).

Finally, the district court correctly concluded that Reynolds's state-law takings claim was jurisdictionally barred because he failed to exhaust administrative remedies. Under Texas law, exhaustion of administrative remedies is a jurisdictional prerequisite for a takings suit. *See Patel*, 361 S.W.3d at 601–02. On appeal, Reynolds does not dispute the fact that he failed to exhaust the administrative appeal process available to him. Instead, he invokes various exceptions to the exhaustion requirement. But because Reynolds never invoked any exception to the exhaustion requirement in response to the City's motion to dismiss his amended complaint, these arguments are forfeited. *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 759 (5th Cir. 2019) ("[I]n failing to oppose" adversary's motion, "Munoz has forfeited any argument that the district court's . . . order was improper.").

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court.